**UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CASE NO.  3:22CV-506-CRS**

SCOTT POOLE                                                                                           PLAINTIFFS

-and-

CHANDA POOLE

v.                                              **COMPLAINT**

HEC LEASING, LLC.                                                                                DEFENDANTS
111 Eaton Drive
Shelbyville, TN 37160

      SERVE:     SERVE VIA SECRETARY OF STATE, PER KRS § 454.210

                            G. Tommy Hodes, Registered Agent
                            413 Blue Ribbon Pkwy.
                            Shelbyville, TN 37160

-and-

TITAN TRANSFER, INC.
1200 Stanley Blvd.
Shelbyville, TN 37160

      SERVE:     Alan Siddens, Registered Agent
                            1933 Finney Road
                            Glasgow, KY 42141

-and-

BLUE STREAK LOGISTICS, LLC.
517 Barking Drive
Smyrna, TN 37167

      SERVE:     A+1 Legal Process Service & Document Retrieval, Registered Agent
                            5207 General Lane
                            Louisville, KY 40218

-and-

John Doe 1, UNKNOWN DEFENDANT TRUCK DRIVER

-and-

John Doe 2, UNKNOWN DEFENDANT TRUCK DRIVER EMPLOYER

-and-

John Doe 3, UNKNOWN DEFENDANT TRAILER REPAIR COMPANY

\* \* \* \* \*

Come the Plaintiffs, Scott Poole and Chanda Poole, by counsel, and for their causes of action against Defendants HEC Leasing, LLC., Titan Transfer, Inc., Blue Streak Logistics, LLC., John Doe 1 Unknown Defendant Truck Driver, John Doe 2 Unknown Defendant Truck Driver Employer, and John Doe 3 Unknown Defendant Trailer Repair Company, state as follows:

1. Plaintiff, Scott Poole, was at all relevant times a resident of Breckenridge County, Kentucky.

2. Plaintiff, Chanda Poole, is the spouse of Scott Poole, and brings this action pursuant to the Loss of Consortium Statute (K.R.S. § 411.145).

3. Plaintiff Chanda Poole was at all relevant times a resident of Breckenridge County, Kentucky.

4. Defendant HEC Leasing, L.L.C. is a Tennessee for-profit Limited Liability Company with its principal address at 111 Eaton Drive, Shelbyville, Tennessee 37160-9156. HEC Leasing, L.L.C. may be served by the Kentucky Secretary of State at its registered agent for process, G. Tommy Hodes, 413 Blue Ribbon Pkwy., Shelbyville, Tennessee 37160-3006.

5. Defendant Titan Transfer, Inc. is a Tennessee for-profit corporation registered with the Federal Motor Carrier Safety Administration authorized to transport property in interstate commerce under USDOT No. 845505 and is a foreign corporation organized and existing under

the laws of Tennessee with its principal place of business at 1200 Stanley Blvd., Shelbyville, Tennessee 37160, thereby making if a citizen of Tennessee. Titan Transfer, Inc. has designated Alan Siddens, 1933 Finney Road, Glasgow, Kentucky 42141 as its agent for service of process according to its Form BOC-3 filed with the Federal Motor Carrier Safety Administration pursuant to 49 CFR 366.

6. Defendant Blue Streak Logistics, L.L.C. is a Tennessee for-profit Limited Liability Company registered with the Federal Motor Carrier Safety Administration authorized to transport property in interstate commerce under USDOT No. 3100632 and is a foreign corporation organized and existing under the laws of Tennessee with its principal place of business at 517 Barking Dr., Smyrna, Tennessee 37167-4891, thereby making it a citizen of Tennessee. Blue Streak Logistics, Inc. has designated A+1 Legal Process Service & Document Retrieval, 5207 General Lane, Louisville, Kentucky 40218 as its agent for service of process according to its Form BOC-3 filed with the Federal Motor Carrier Safety Administration pursuant to 49 CFR 366.

7. Defendants John Does 1 through 3 are entities and/or persons directly or vicariously liable for the injuries of the Plaintiff, Scott Poole. Plaintiff is currently unable to identify these Unknown Defendants, despite diligent efforts, but may discover such identities upon further investigation and discovery. Said defendants are named insofar as their acts and/or omissions were negligent, tortious or otherwise wrongful with respect to the conditions leading to Scott Poole's injuries on February 8, 2022 at the location of Southwire, 1987 St. Route 3543, Hawesville, Kentucky 42348.

8. Whenever the term "Defendants" is utilized within this suit, such term collectively refers to and includes HEC Leasing, L.L.C., Titan Transfer, Inc., Blue Streak Logistics, L.L.C., and John Does 1 through 3, Unknown Defendants, that were in any way associated with the

above named Defendants that caused or contributed to cause the incident and subsequent injuries described herein.

9. Jurisdiction and venue are proper in this Court as diversity of citizenship exists and the amount in controversy exceeds the minimum jurisdiction limits of this Court.

10. On February 8, 2022, Plaintiff Scott Poole was loading aluminum coil rods onto a 2012 Wabash semi-tractor trailer at his place of employment, Southwire, located at 1987 St. Route 3543, Hawesville, Kentucky 42348, when the trailer collapsed causing him to become pinned between the wall of the trailer and a roll of aluminum coil weighing approximately 6,100 pounds.

11. At the time of this incident, Defendants owned, operated, managed, controlled and/or provided services regarding the semi-tractor trailer involved in this incident on February 8, 2022, either directly or through a joint enterprise, partnership or the agency of each other and/or other diverse subalterns, alter egos, subsidiaries, governing bodies, agents, servants or employees.

12. Upon information and belief, the trailer collapse was caused by improperly repaired and unrepaired damage to the trailer.

13. Upon information and belief, Defendants were aware that a repair had been made and unrepaired damage existed creating a dangerous condition and failed to take action to correct the damage in violation of state and federal statutes and regulations.

14. Upon information and belief, the subject trailer was last inspected in September 2020 pursuant to the Federal Motor Carrier Safety Administration inspection label affixed to the trailer.

15. Plaintiff Scott Poole suffered injury, excruciating pain and suffering, mental anguish, disfigurement, degradation, and unnecessary loss of dignity from the trauma of this incident.

16. Defendants' negligent operation, management, maintenance, inspection, and repair of a commercial vehicle directly and proximately caused the injuries to Scott Poole.

17. At all times material hereto, Defendants, as owners, operators and managers of the semi-tractor and trailer, owed the highest degree of care to Scott Poole for his safety while performing work in and around the area of Defendants' semi-tractor and trailer.

18. At all times material, Defendants, individually, and through their agents, servants, borrowed servants, and/or employees, knew or had reason to know that the repair and damage to the semi-tractor trailer posed a risk of harm to an individual performing work in and around the area.

19. Defendants had a duty to act reasonably in hiring, instructing, training, supervising and retaining its drivers and other employees and agents and to promulgate and enforce policies, procedures, and rules to ensue that is drivers and vehicles were safe.

20. Defendants had a duty to exercise reasonable care in entrusting its vehicles and equipment to responsible, competent, and qualified drivers.

21. Defendants are and were liable for the negligent acts and/or omissions of their employees, agents, apparent agents, servants, and borrowed servants, committed within the course and scope of their agency or employment.

22. Defendants were negligent, careless, and reckless with regard to the duties set forth in Paragraphs 19-21 above causing injury to Scott Poole for which they are directly liable.

23. Defendants violated state and federal statutes and regulations, including but not limited to KRS 189.224, 601 KAR 1:005 and 49 C.F.R. §§ 350-399, which were promulgated to protect the safety of a class of people that includes the Plaintiff, Scott Poole, and constitutes

negligence per se pursuant to KRS 446.070 and Kentucky case law, for which Defendants are directly liable.

24. The injuries sustained by Scott Poole were the direct and proximate result of the negligence of Defendants.

25. The conduct of each Defendant was so reckless or wanting in care that it constituted a conscious disregard or indifference to the life, safety, or rights of Scott Poole and caused him loss, injury, pain and suffering, mental anguish, disfigurement, degradation, and unnecessary loss of dignity.

26. As a direct and proximate result of the negligence of all Defendants as set out above, Plaintiff, Scott Poole, suffered injuries, incurred significant medical expenses, suffered loss, injury, excruciating pain and suffering, mental anguish, disfigurement, degradation, and unnecessary loss of dignity.

27. As a direct and proximate result of the injury and disability of Plaintiff, Scott Poole, Plaintiff, Chanda Poole, asserts a claim for judgment for any and all damages to which she may be entitled for the loss of consortium caused by the Defendants, as outlined above, in an amount to be determined by the jury, but in excess of the minimum jurisdictional limits of this Court and exceeding that required for federal court jurisdiction in diversity of citizenship cases, as well as costs and attorney's fees, plus costs and all other relief to which Plaintiff is entitled by law.

28. Plaintiff Scott Poole asserts, against all Defendants, a claim for judgment for all compensatory and punitive damages including, but not limited to, medical expenses, and other related costs, the grief suffered by statutory beneficiaries, extreme pain and suffering, mental anguish, disability, disfigurement, degradation, unnecessary loss of personal dignity, destruction of earning capacity, and loss of life, in an amount to be determined by the jury, but in excess of

the minimum jurisdictional limits of this Court and exceeding that required for federal court jurisdiction in diversity of citizenship cases, as well as costs and attorney's fees, plus costs and all other relief to which Plaintiff is entitled by law

29. Plaintiffs seek punitive and compensatory damages against all Defendants in an amount to be determined by the jury, plus costs and all other relief to which Plaintiffs are entitled by law.

30. That the threshold requirements of KRS 304 Chapter 39 have been met.

**WHEREFORE**, Plaintiffs, Scott Poole and Chanda Poole, hereby demand as follows:

1. Judgment against Defendants for a fair and reasonable amount in compensatory damages including the following:
    a. Plaintiff Chandra Pool's loss of consortium of her injured husband, Plaintiff Scott Poole;
    b. Pain and suffering;
    c. Past and future wage loss;
    d. Loss of enjoyment of life;
    e. Diminished capacity to labor and earn income;
2. Trial by Jury;
3. Pre-and post-judgment interest;
4. Court costs;
5. For summons to issue as directed in the caption by certified mail; and
6. Any and all other relief to which the Plaintiff may be entitled.

Respectfully submitted,

*/s/ David M. Scott*
David M. Scott (KY Bar #92774)
Isaacs & Isaacs, P.S.C.
1601 Business Center Court
Louisville, Kentucky 40299
Telephone:  (502) 458-1000
Facsimile:   (502) 454-5512
Email: david.scott@isaacsandisaacs.com
*Counsel for Plaintiffs*