UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

| | |
|---|---|
| SCOTT POOLE AND CHANDA POOLE | PLAINTIFFS |
| OLD REPUBLIC INSURANCE COMPANY | INTERVENING PLAINTIFF |
| v. | CIVIL ACTION NO. 3:22-CV-506-CRS |
| HEC LEASING, INC., *et al.* | DEFENDANTS |
| BLUE STREAK LOGISTICS, LLC | THIRD-PARTY PLAINTIFF |
| v. | |
| SOUTHWIRE COMPANY, LLC, *et al.* | THIRD-PARTY DEFENDANTS |

**MEMORANDUM OPINION & ORDER**

This matter is before the Court on motion to dismiss the third-party complaint of Defendant/Third-Party Plaintiff Blue Streak Logistics, LLC against Third-Party Defendant Southwire Company, LLC. [DN 40]. The Court will also resolve Defendant HEC Trailer Leasing, LLC's[1] unopposed motion for leave to file a third-party complaint, [DN 34], and Plaintiffs Scott and Chanda Poole's unopposed motion to amend their complaint. [DN 36].

I. Background

These motions arise in the context of this personal injury action filed by Scott and Chanda Poole against HEC Trailer Leasing, Blue Streak, and three John Does for injuries allegedly sustained while Scott Poole loaded a semi-tractor trailer with aluminum coils. [DN 32 at ¶ 5]. Poole alleges that on February 8, 2022, while at work and loading a tractor

---

[1] HEC Trailer Leasing advises that it is "improperly identified" in the complaint "as HEC Leasing, [Inc.]" [DN 46 at 1].

Page **1** of **10**

trailer with a large spool of aluminum coil rods, the trailer collapsed and caused him to be pinned between the spool and the tractor trailer's wall. As a result, Poole alleges he sustained injury. Poole filed his complaint in this Court on September 22, 2022, naming the owner of the tractor trailer (HEC Trailer Leasing), the tractor trailer's lessee (Blue Streak), and three John Does as defendants. [DN 1].

The John Doe defendants hold the place of the truck driver who operated the truck and trailer before Poole, the employer of said truck driver, and the trailer repair company that repaired the truck days before the alleged injury. Discovery efforts by the parties revealed the identities of the prior truck driver and the repair company: Braushaun Redden and Lane's Truck & Trailer Repairs and Auto, respectively. Poole's proposed amended complaint seeks nothing more than to substitute two of the John Doe placeholders with Redden and Lane's Truck & Trailer Repairs. [DN 36]. The timely-filed and unopposed motion will be granted.

Most recently, Southwire moved to dismiss Blue Streak's third-party complaint for failure to state a claim upon which relief may be granted. [DN 40]. HEC Trailer Leasing opposes Southwire's motion because it has a similar motion for leave to file a third-party complaint against Southwire and Lane's Truck & Trailer Repairs pending before the Court. Blue Streak also opposes Southwire's motion. This memorandum will explain why Southwire's motion to dismiss will be granted and why HEC Trailer Leasing's motion will be granted in part.

II. Discussion

*Motion to Dismiss*

A. Legal Standard

A third-party complaint may be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must

contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plaintiffs must "plead[] sufficient factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

B. Analysis

Blue Streak was granted leave by this Court to file a third-party complaint against Southwire and Lane's Truck & Trailer Repairs. The third-party complaint asserts negligence, indemnification, contribution, and apportionment claims against Southwire. Also, it asserts failure to warn, negligence, indemnification, and apportionment claims against Lane's Truck & Trailer Repairs. Now, Southwire moves to dismiss the third-party complaint. [DN 40]. Only the claims raised against Southwire are at issue.

   i. Common law indemnification

Blue Streak asserts a common law indemnification claim against Southwire. Even accepting the facts in the third-party complaint as true, Blue Streak fails to assert the necessary elements of a common law indemnity claim.

In Kentucky, a party may recover under common law indemnity in two classes of cases:

> (1) Where the party claiming indemnity has not been guilty of any fault, except technically, or constructively, as where an innocent master was held to respond for the tort of his servant acting within the scope of his employment; or (2) where both parties have been in fault, but not in the same fault, towards the party injured, and the fault of the party from whom indemnity is claimed was the primary and efficient cause of the injury.

*Degener v. Hall Contracting Corp.*, 27 S.W.3d 775, 780 (Ky. 2000) (citations omitted).

Notably, the *Degener* court evaluated the cases before it by distinguishing between the "active wrongdoer[s]" and the parties whose liability was "premised solely upon [their] failure to prevent" the torts. *Id.* at 781. This distinction is an important one, because the right to indemnity

Page 3 of 10

exists only where the joint tortfeasors "are not in pari delicto and the party *secondarily* negligent asserts a claim against the one *primarily* negligent." *Lexington Country Club v. Stevenson, et al.*, 390 S.W.2d 137, 143 (Ky. 1965) (emphasis in original); *see also Crime Fighters Patrol v. Hiles*, 740 S.W.2d 936, 939–40 (Ky. 1987); *Brown Hotel Company v. Pittsburgh Fuel Co.*, 224 S.W.2d 165 (Ky. 1949). For Blue Streak "to state a plausible claim for common law indemnity under Kentucky law, [it] must demonstrate that [Southwire] was the primary, active tortfeasor and [Blue Streak] was the secondary, passive tortfeasor." *Adams v. Family Dollar Stores of Kentucky, L.P.*, No. 3:19-CV 167-CRS, 2019 WL 6107857 at *4 (W.D. Ky. Nov. 15, 2019); *see Degener*, 27 S.W.3d at 781 (clarifying that indemnity is a claim "in which the claimant seeks restitution for damages he/she was required to pay for injuries sustained by another and which were *entirely or primarily caused* by the party against whom indemnity is sought") (emphasis added). Blue Streak fails to do so.

On its face, Blue Streak's third-party complaint fails to allege that Southwire was responsible for the *active* tortious conduct that caused Poole's alleged injuries. Instead, Blue Streak simply alleges that Southwire "failed to maintain the premises/ property in a reasonably safe manner[.]" [DN 32 at 3]. In other words, Blue Streak alleges only that Southwire was *passively* negligent. *See Adams*, 2019 WL 6107857, at *4 (finding that failure to maintain a sidewalk constitutes passive negligence). That is not enough to state an indemnification claim. To be properly pled, Blue Streak's indemnity claim must assert and attribute some form of *active* wrongdoing to Southwire. Moreover, Blue Streak must allege that Southwire's negligence "is different in kind—categorically worse [than]—" its own purported negligence. *Stanford v. United States*, 948 F. Supp.2d 729, 745 (E.D. Ky. 2013). An indemnity claim does not lie where *both* parties "are accused of *passively* neglecting their obligation" to the allegedly

injured party. *Adams*, 2019 WL 6107857, at *4 (emphasis in original). Blue Streak's third-party complaint is insufficient to state a claim for common law indemnity in Kentucky.[2]

      ii.      Negligence

Having failed to plead an independent cause of action for indemnification, Blue Streak's perfunctorily pled negligence claim is without meaning. [DN 32 at 3–4] (asserting that if Poole was injured, said injuries "were the direct and proximate result of the negligence of Southwire," or the "joint and concurrent negligence . . . of Southwire" and Blue Streak, and requesting "[j]udgment for negligence . . . against Southwire"). Blue Streak was not the party injured by Southwire's alleged negligence. Poole was. The negligence analysis would apply only to Poole's injury. Blue Streak stands to benefit only insofar as its exposure to liability can be shared with Southwire by demonstrating its negligence. That alone does not constitute a sufficiently pled claim of negligence, and consequently fails to state a claim for negligence in Kentucky.

      iii.      Apportionment and contribution

In addition to indemnification and negligence claims, Blue Streak's third-party complaint purports to assert claims for apportionment and contribution against Southwire. [DN 32 at 4–5]. "The right to contribution arises when two or more joint tortfeasors are guilty of concurrent negligence of substantially the same character which converges to cause the plaintiff's damages." *Degener*, 27 S.W.3d at 778. Apportionment, on the other hand, is a practice that developed in Kentucky after liability among joint tortfeasors became several only, which made it necessary "to apportion a specific share of the total liability to each of them." *Id.* at 779. But "neither apportionment [n]or contribution are 'claims' under Kentucky law." *Adams*, 2019 WL 6107857 at *5 (referencing *Sommerkamp v. Linton*, 114 S.W.3d 811, 817 (Ky. 2003)

---

[2] Because Blue Streak failed to state a claim for common law indemnity, the Court does not reach Southwire's argument that Blue Streak's indemnity claim must fail as barred by the Kentucky Workers' Compensation Act.

("Contemporary apportionment requirements including KRS 411.182 provide that fault in a tort action is automatically subject to apportionment among the parties to the action. This statute renders a cross-claim for contribution . . . needless.")).

Apportionment is not an independent cause of action. Indeed, though KRS 411.182 "provides a right to an apportionment interrogatory," "it does not provide a substantive cause of action itself." *Hall v. MLS Nat'l Med. Evaluations, Inc.*, No. 05:CV-185-JBC, 2007 WL 1385943, at *2 (E.D. Ky. May 7, 2007). Thus, as in *Adams*, this Court finds that Blue Streak "does not have a 'claim' against" Southwire for contribution or apportionment. *Adams*, 2019 WL 6107857 at *4; *Hall*, 2007 WL 1385943, at *2 (finding that apportionment is not an "independent claim"); *Raytheon Company v. Ahtna Support and Training Services, LLC*, No. 3:21-CV-239-RGJ, 2023 WL 5439778, at *3 (W.D. Ky. Aug. 23, 2023) (dismissing purported contribution and indemnity claims but providing an apportionment instruction).

Because Blue Streak's third-party complaint fails to assert an independent claim against Southwire upon which relief may be granted, the Court will grant Southwire's motion to dismiss.

    iv.    Apportionment instruction

Blue Streak requests a declaration that Blue Streak is entitled to an apportionment jury instruction in the event Southwire's motion to dismiss is granted. Because the Court will grant Southwire's motion, making Southwire a non-party, it now considers Blue Streak's request.

Southwire was Poole's employer, and Poole was allegedly injured while at work. Thereafter, Southwire and Poole reached an agreement for workers compensation coverage pursuant to the Kentucky Workers' Compensation Act. "As a practical matter, workers compensation coverage constitutes a settlement between the employee and the employer whereby the employee settles his tort claim for the amount he will receive as compensation."

*Dix & Associates Pipeline Contractors, Inc. v. Key*, 799 S.W.2d 24, 29 (Ky. 1990). And, critically, such settlements "constitute a settlement under KRS 411.182(4)," which governs the allocation of fault, award of damages, and effect of release in Kentucky tort actions. *Owens Corning Fiberglas Corp. v. Parrish*, 58 S.W.3d 467, 481 (Ky. 2001). For this reason, "Kentucky law permits an apportionment instruction against an employer who is providing workers' compensation benefits." *Beverly v. MEVA Formwork Systems, Inc.*, No. 3:08-CV-27-DCR, 2010 WL 1251493, at *2 (E.D. Ky. Mar. 24, 2010).

This remains true when the employer is a non-party to the action. That is because KRS 411.182 provides for an apportionment instruction where the case involves the fault of more than one party to the action or "persons who have been released [from the action] under subsection (4)." KRS 411.182(1). Subsection four includes parties who have been discharged from liability by "[a] release, covenant not to sue, or similar agreement." KRS 411.182(4). Consequently, "KRS 411.182 does not require as a prerequisite for apportionment that the settling person be joined as a party to the action. In fact, it implies that the settling person will not be named a party to the action." *Parrish*, 58 S.W.3d at 480. "It is clear then that [Blue Streak] need not bring [Southwire] into this action to get an apportionment instruction against it . . . assuming the evidence supports it." *Williams v. TLD America Corp.*, No. 3:08-CV-510-JGH, 2009 WL 3270160, at *2 (W.D. Ky. Oct. 9, 2009); *Raytheon*, 2023 WL 5439778, at *3.

Thus, the Court finds that Blue Streak has preserved its right to an apportionment instruction as to Southwire pursuant to KRS 411.182, if the evidence supports such an instruction at trial.

*Motion for Leave to File Third-Party Complaint*

A.  Legal Standard

Federal Rule of Civil Procedure 14(a)(1) permits a defendant to file a third-party complaint against a nonparty who is or may be liable to it for all or part of the claims against it. FED. R. CIV. P. 14(a)(1). When more than fourteen days after the defendant serves its Answer have passed, a defendant must obtain leave from the Court to file a third-party complaint. *Id.* Whether to grant such motion for leave is within the discretion of the district court. *Gen. Elec. Co. v. Irvin*, 274 F.2d 175, 178 (6th Cir. 1960). "[T]imely motions for leave to implead third parties should be freely granted . . . unless to do so would prejudice the plaintiff, unduly complicate the trial, or would foster an obviously unmeritorious claim." *In re Yamaha Motor Corp. Rhino ATV Prod. Liab. Litig.*, No. 3:09-MD-2016-JBC, 2009 WL 2241599, at *2 (W.D. Ky. July 24, 2009) (alteration in original).

B.  Analysis

Defendant HEC Trailer Leasing moves for leave to file a third-party complaint against Southwire and Third-Party Defendant Lane's Truck & Trailer Repairs. [DN 34]. HEC Trailer Leasing's motion is unopposed. This is curious given Southwire's motion to dismiss the third-party complaint filed against it by Blue Streak. Despite the lack of opposition, the Court will only grant HEC Trailer Leasing's motion in part. Given this Court's ruling on Southwire's motion to dismiss, HEC Trailer Leasing's third-party claims for indemnification, contribution, and apportionment against Southwire are "obviously unmeritorious." *Id.* However, as it found for Blue Streak, the Court finds that HEC Trailer Leasing has preserved its right to an apportionment instruction as to Southwire pursuant to KRS 411.182, if the evidence supports such an instruction at trial.

*Motion for Leave to File Amended Complaint*

A. Legal Standard

Under Federal Rule of Civil Procedure 15, "a party may amend its pleading once as a matter of course within" twenty-one days after service of a pleading. FED. R. CIV. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." FED. R. CIV. P. 15(a)(2). The decision to grant or deny leave to amend is at the discretion of the district court. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Courts are to grant leave to amend freely unless there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Id.*

B. Analysis

Plaintiffs Scott and Chanda Poole move for leave to file an amended complaint. [DN 36]. The motion is unopposed and is filed within the time provided for in the Scheduling Order. During discovery, the Pooles discovered the identities of two John Doe defendants: Braushaun Redden and Lane's Truck & Trailer Repairs and Auto. The Pooles seek the Court's leave to amend their complaint to substitute two of the three John Doe's with these parties. Discerning no reason to deny leave, the Pooles' unopposed motion to amend the complaint will be granted.

III. Conclusion

Motions having been made, and for the reasons set forth in this Memorandum Opinion, and the Court being otherwise sufficiently advised, **IT IS HEREBY ORDERED** that:

1. Third-Party Defendant Southwire Company, LLC's motion to dismiss [DN 40] Defendant/Third-Party Plaintiff Blue Streak's third-party complaint is **GRANTED**.

All claims raised in the third-party complaint as to Southwire are **DISMISSED WITH PREJUDICE**.

2. Defendant HEC Trailer Leasing, LLC's unopposed motion for leave to file a third-party complaint [DN 34] is **GRANTED IN PART** as set forth in this Memorandum Opinion. Said third-party complaint [DN 34-1] is deemed filed as of the date of this order and summons [DN 34-3; DN 34-4] shall be issued.

3. Plaintiffs Scott and Chanda Poole's unopposed motion for leave to amend the complaint [DN 36] is **GRANTED**, and the amended complaint [DN 36-1] is deemed filed as of the date of this order.

4. Southwire shall be considered a "settling tortfeasor" for purposes of determining whether an apportionment instruction is appropriate and an apportionment instruction regarding Southwire will be given if the evidence supports it.

**IT IS SO ORDERED.**

September 19, 2023

Charles R. Simpson III, Senior Judge
United States District Court