UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:22-CV-506-CRS

SCOTT POOLE, *et al.*                                                PLAINTIFFS

v.

HEC LEASING, LLC*, et al.*                                           DEFENDANTS

## MEMORANDUM OPINION AND ORDER

 This matter is before the Court on three motions: (1) a Motion to Dismiss (DN 61) by Third-Party Defendant Southwire Company, LLC ("Southwire"); (2) a Motion for Sanctions (DN 62) by Southwire; and (3) a Motion for Clarification (DN 63) by HEC Trailer Leasing, LLC ("HEC"). These motions arise from language in the Court's September 20, 2023 Memorandum Opinion and Order (DN 53) (the "September Order") which addressed, among other things, HEC's then-pending Motion for Leave to File a Third-Party Complaint against Southwire and Lane's Truck & Trailer Repairs and Auto ("Lane's Repairs") (DN 34). For the reasons set forth below, the Court will grant Southwire's Motion to Dismiss, deny Southwire's Motion for Sanctions, and grant HEC's Motion for Clarification.

## BACKGROUND

 In its September Order, the Court resolved three motions and issued several rulings. Two of the Court's rulings are pertinent to the parties' instant motion practice.

 First, the Court granted Southwire's Motion to Dismiss Bluestreak Logistics, LLC's ("Bluestreak's") third-party claims against Southwire because the claims were meritless, dismissing them with prejudice. It did so for a few reasons: (1) as pleaded, Bluestreak's sole theory for common law indemnity was that Southwire allegedly failed to maintain its premises/enforce its safety procedures, a fault that is the same in kind as that allegedly committed by Bluestreak

(failure to inspect/repair a trailer) and, thus, fails to state a claim under Kentucky law; (2) as pleaded, Bluestreak's negligence claim did not assert that Bluestreak was the party injured by Southwire's negligence, but that plaintiff Scott Poole was; and (3) Bluestreak attempted to raise independent apportionment and contribution claims, but neither are claims under Kentucky law. September Order, DN 53 at 3–6. Further, the Court declared that Southwire, though no longer a party to the action, would be considered a "settling tortfeasor" and, if supported by the evidence at trial, the Court would give an apportionment instruction regarding Southwire. *Id.* at 6–7.

Second, the Court granted in part and denied in part HEC's Motion for Leave to file a Third-Party Complaint. Specifically, the Court denied HEC leave to file third-party claims against Southwire for the same reasons it dismissed Bluestreak's third-party claims against Southwire. HEC had followed Bluestreak's lead and proposed asserting the same common law indemnity, contribution, and apportionment claims against Southwire. Thus, HEC's proposed claims were deficient for the same reasons that Bluestreak's claims were dismissed. *Id.* at 8. The Court further ruled that, like Bluestreak, HEC preserved its right to an apportionment instruction as to Southwire if supported by the evidence at trial. *Id.*

Third, the Court granted Plaintiffs' Motion for Leave to amend their Complaint to substitute in named defendants for John Does.

Thus, the September Order created the following procedural posture:

(1) In addition to their claims against HEC and Bluestreak, the Pooles could proceed with claims against Braushaun Redden and Lane's Repairs. This posture resulted from the Court's granting Plaintiffs leave to amend to substitute those two for John Does I and III, respectively.

(2) Bluestreak could proceed with its Third-Party Complaint against Lane's Repairs <u>but not</u> with its Third-Party Complaint against Southwire. This posture resulted from the Court's granting Southwire's Motion to Dismiss Bluestreak's third-party claims against Southwire.

(3) HEC Leasing could proceed with its proposed Third-Party Complaint against Lane's Repairs <u>but not</u> with its proposed Third-Party Complaint against Southwire. This posture resulted from the Court's granting HEC's Motion for Leave to file its Third-Party Complaint as to Lane's Repairs but denying leave to file its Third-Party Complaint as to Southwire. However, the Court's September Order contained an error that muddied this result. The Court directed that summons be issued to Southwire by including DN 34-4, a summons to Southwire, in its directive:

> 2. Defendant HEC Trailer Leasing, LLC's unopposed motion for leave to file a third-party complaint [DN 34] is **GRANTED IN PART** as set forth in this Memorandum Opinion. Said third-party complaint [DN 34-1] is deemed filed as of the date of this order and summons [DN 34-3; DN 34-4] shall be issued.

Thereafter, HEC served Southwire with its Third-Party Complaint, which led to the instant motion practice: Southwire's Motion to Dismiss, Southwire's Motion for Sanctions, and HEC's Motion for Clarification.

## <u>DISCUSSION</u>

Having been served with HEC's Third-Party Complaint, Southwire has protectively moved to dismiss it on the ground that HEC failed to state a claim upon which relief may be granted. Motion to Dismiss, DN 61-1. More particularly, Southwire premises its motion on the Court's earlier ruling that HEC's proposed third-party claims against Southwire were meritless and could not proceed. *Id.* at 4–5. HEC does not oppose Southwire's Motion to Dismiss. Response to Motion to Dismiss & Response in Opposition to Motion for Sanctions, DN 64 at 4 (only requesting Southwire's Motion for Sanctions be denied).

To affect the Court's original intent, Southwire's unopposed Motion to Dismiss will be granted. Southwire's restatement of the September Order is correct: HEC was denied leave to pursue its third-party claims against Southwire because its claims were meritless. September Order, DN 53 at 8. As pleaded, HEC's Third-Party Complaint against Southwire necessarily failed to state a claim upon which relief may be granted. Upon its dismissal from this action, Southwire will, once again, be deemed a *non-party* "settling tortfeasor," as was intended in the September Order.

Additionally, Southwire moved for sanctions, seeking an award of its reasonable costs and attorney's fees for preparing its Motion to Dismiss. Motion for Sanctions, DN 62. As grounds, Southwire contends that HEC's position that the September Order requires clarification is "patently disingenuous." *Id.* at 3. Instead, Southwire submits that HEC served its Third-Party Complaint to harass Southwire or to otherwise increase Southwire's litigation costs. *Id.* The Court is disinclined to impose sanctions when its own error created uncertainty and will deny Southwire's motion for this reason.

Lastly, HEC has moved the Court to clarify its September Order to ensure its right to an apportionment instruction against Southwire will be protected if Southwire becomes a non-party. Motion for Clarification, DN 63. Southwire contends the September Order "simply could not be more clear" and, thus, opposes the Motion. Response to Motion for Clarification, DN 65 at 2. However, Southwire concedes that the portion of the September Order directing the issuance of a summons against Southwire "could possibly need clarification." *Id.*

Given the Court's error, the September Order will benefit from clarification. Thus, the Court will grant HEC's Motion. A "motion for clarification is properly used to clarify the scope of the district court's prior order." *United States v. Troutman*, 2022 WL 326523, at *1 (N.D. Ohio

Feb. 3, 2022).[1] Accordingly, to ensure the rulings pronounced in the September Order are readily comprehensible, in the Order immediately below, the Court will clarify the September Order's scope by explicitly communicating: (1) this case's current procedural posture; (2) the bounds of its prejudicial dismissal of Bluestreak's common law indemnity claim against Southwire; (3) the bounds of its denying leave to HEC to pursue a third-party indemnity claim against Southwire; and (4) Southwire's present role in this action and HEC's (and Bluestreak's) entitlement to an apportionment instruction as to Southwire.

## <u>ORDER</u>

Having reviewed the record, as well as the parties' motions, responses, and replies, and the Court being otherwise sufficiently advised, the Court rules as follows:

1. Southwire's Motion to Dismiss HEC's third-party claims against Southwire **(DN 61)** is **GRANTED**. All claims against Southwire in HEC's Third-Party Complaint **(DN 54)** are hereby **DISMISSED**. HEC may pursue its Third-Party Complaint only as to its claims against Lane's Repairs.

2. Southwire's Motion for Sanctions **(DN 62)** is **DENIED**.

3. HEC's Motion for Clarification **(DN 63)** is **GRANTED**.

   a. To clarify, this is the current procedural posture of this case:

      i. Plaintiffs, the Pooles, have pending claims against: HEC, Bluestreak, Braushaun Redden, Lane's Repairs, and John Doe II.

      ii. Defendant and Third-Party Plaintiff Bluestreak has pending third-party claims against Lane's Repairs.

---

[1] *See also United States v. Riley*, 609 F. App'x 837, 841 n.2 (6th Cir. 2015) (endorsing motions for clarification); *Nat'l Ecological Found. v. Alexander*, 496 F.3d 466, 481 (6th Cir. 2007) (reversing a district court's denial of a motion to clarify an order with instructions to grant the motion).

       iii. Defendant and Third-Party Plaintiff HEC has pending claims against Lane's Repairs.

       iv. Intervening Plaintiff, Old Republic Insurance Company, has pending claims against HEC, Bluestreak, and John Does I–III.

b.  To clarify, the Court's prejudicial dismissal of Bluestreak's common law indemnity claim against Southwire is limited to the theory of indemnity pleaded by Bluestreak in its Third-Party Complaint, DN 32: that Southwire failed to maintain its premises/enforce its safety procedures. As fully explained in the September Order, Bluestreak's theory was insufficient to state a claim for common law indemnity in Kentucky because both it and Southwire were alleged to have passively neglected their obligations to plaintiff Scott Poole. The Court's prejudicial dismissal of Bluestreak's common law indemnity claim against Southwire is limited to that theory of indemnity.

c.  To clarify, the Court's denying HEC leave to pursue a third-party indemnity claim against Southwire is limited to the theory of indemnity pleaded by HEC in its proposed Third-Party Complaint, DN 34-1: that Southwire failed to maintain its premises/enforce its safety procedures. The Court denied HEC leave to pursue its third-party indemnity claim for the same reason it dismissed Bluestreak's third-party indemnity claim, as the claims were the same in nature. The Court's denial of leave was and remains limited to the theory pleaded in the proposed Third-Party Complaint, DN 34-1.

d.  To clarify, at present, Southwire is not a party to this action. Rather, Southwire shall be considered a "settling tortfeasor," and, if supported by the evidence at trial, the Court will give an apportionment instruction regarding Southwire.

**IT IS SO ORDERED**.

March 6, 2024

Charles R. Simpson III, Senior Judge
United States District Court